GEORGE WHITAKER ET AL., APPELLEES AND CROSS-APPELLANTS, v. GERING IRRIGATION DISTRICT, APPELLANT AND CROSS-APPELLEE.

160 N. W. 2d 186

Filed June 21, 1968. No. 36828.

Lyman & Gallawa, for appellants.

Van Steenberg, Winner & Wood, for appellee.

Heard before, WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

McCOWN, J.

This is an action in equity to recover damages resulting from the backing-up of surface waters caused by the obstruction of a natural drainway, and for a mandatory injunction requiring the sole defendant, Gering Irrigation District, to restore the drainage to its natural state or, alternatively, to provide an adequate escape for surface waters flowing in the natural drainway. The district court dismissed the cause of action for damages and granted the injunction as prayed for in plaintiffs' petition. The defendant has appealed from the judgment granting the injunction, and the plaintiffs have cross-appealed from the judgment dismissing the cause of action for damages.

The evidence is either in direct conflict or is wholly or partially determinable only by inference on several crucial issues. The plaintiffs George and Florence Whitaker were the owners of the south half of the northwest quarter of Section 35, Township 21 North, Range 54 West of the 6th P.M., Scotts Bluff County, Nebraska. Alex Kaufman and his wife, Clara, who were not parties to this suit, were the owners of 80 acres of land immediately adjoining the land of the Whitakers on the north.

There is a natural drainway for surface waters which flowed from the plaintiffs' land north and onto the Kaufman land. In late 1945, the Kaufmans constructed a dike on the Kaufman land and along the northerly boundary of the plaintiffs Whitakers' land. The defendant Gering Irrigation District constructed an irrigation lateral on top of the dike. When the defendant constructed its irrigation ditch on the dike, it installed a 12-inch tube or culvert under the dike and irrigation lateral to provide for drainage of the water from the plaintiffs Whitakers' property to the Kaufman property. The tube to provide drainage was installed without the knowledge or consent of the Kaufmans, according to their testimony. The Kaufmans also constructed their own irrigation lateral on top of the dike, some 3 or 4 feet to the north of the defendant irrigation district's lateral. Although there are no deeds or easements nor written agreements in evidence, the construction of the dike and the defendant's irrigation lateral was apparently done under an agreement between the Kaufmans and the defendant district, probably amounting to an easement.

As early as 1948, Alex Kaufman attempted to plug the drainage tube at the north end with gunny sacks and dirt. From the evidence, it is reasonable to conclude that there were discussions or arguments and difficulties from time to time between Kaufman and Alex Reisig, who was a tenant on the Whitaker farm, about obstructing the drainage tube. A reasonable inference from the evidence would be that Kaufman would plug his end of the tube and Reisig would open it from his side. In early July 1957, the plaintiff George Whitaker and his attorney and Alex Kaufman and his attorney appeared at a board of directors meeting of the defendant irrigation district. The minutes of the meeting of July 2, 1957, stated in part: "Mr. Van Steenberg, attorney for Mr. Whitaker, requested that a 24″ drainage tube be installed under our lateral to replace the present 12″ tube that he claimed was to (sic) small to carry flood water.

Mr. Jack Lyman, attorney for Mr. Kaufman, said the present 12″ tube was large enough to carry the water if the tube was kept open. It was agreed that the attorneys would try and get together on the matter and that the Board would cooperate in any way that they could, but did not assume any liability as to flood water."

There is a complete conflict in the evidence as to whether water did or did not drain through the tube between 1948 and 1959. The Kaufmans testified that there was no drainage through it after 1948, while the plaintiffs' witnesses testified that there was drainage through the tube at various times up to 1959. In 1957, Kaufman and his son plugged the tube with concrete blocks and burlap sacks filled with dirt and pulled out and removed the north section of the tube. The evidence of the plaintiffs' witnesses was that after rains the surface water would pond upon some 4.3 acres of the Whitaker land south of the drainage tube and that crops were damaged or destroyed in the years 1963 through 1966, resulting from the obstruction of the natural drainway. This damage was sought to be recovered in the first cause of action.

The defendant pleaded that it had had exclusive adverse possession of the real estate on which its irrigation lateral was constructed for more than 20 years; that no water had drained through any culvert or otherwise under the dike on which its lateral was located for more than 17 years; and that it had gained an easement by adverse possession to maintain and continue its lateral and dike on the real estate on which it was constructed without drainage under or through the same at any point. It also cross-petitioned against the plaintiffs to quiet its title to its easement as against the plaintiffs. The evidence, however, is concededly undisputed that the dike and both irrigation laterals are on the Kaufman land. On the present state of the record, the defendant had not claimed or asserted any prescriptive right to obstruct the drainage from plaintiffs' land prior to its

answer and cross-petition, but in fact, had installed a tube to provide for such drainage, although it had apparently done nothing affirmatively to keep it open. The defendant's claim of adverse possession of the Kaufman real estate, whether it be limited to an easement or not, certainly could not be established as against the Kaufmans when they are not parties to the action. While the plaintiffs' assertion might be correct that there is a judicial admission in the pleadings which might be binding if only the plaintiffs and defendant were involved, the evidence establishes that the Kaufmans were the fee owners of the real estate, and had an interest in the property separate and distinct from the interest of the defendant.

The plaintiffs rely upon the rule that a lower proprietor cannot place any obstruction in an obvious drainage channel which has been formed by nature and carries the water from a higher to a lower estate. However, the evidence here concededly is that the Kaufmans were the fee owners of the lower property. It is also apparent that if any prescriptive rights to obstruct the drainage channel were obtained by anyone, it was by the Kaufmans, and they had asserted such a claim, but are not parties. The obstructions in the drainage tube which caused the damage the plaintiffs suffered were placed there by the Kaufmans. It is also clear that whatever interests the defendants had in the real estate were derived from the Kaufmans, and the duty to provide for the passage of water in the drainageway fell upon both the defendant and Kaufmans to the extent of their respective rights of ownership and control.

At the close of the plaintiffs' evidence, the defendant moved to dismiss plaintiffs' petition upon the ground that Alex Kaufman was the one who had constructed the dike and that the plaintiffs had brought the action against the wrong party. This motion was quite properly overruled. In its motion for new trial, the defend-

ant for the first time asserted that all necessary parties were not before the court.

Section 25-323, R. R. S. 1943, provides: "The court may determine any controversy between parties before it, when it can be done without prejudice to the rights of others, or by saving their rights; but when a determination of the controversy cannot be had without the presence of other parties, the court must order them to be brought in."

When the determination of a controversy cannot be had without the presence of new parties to the suit, the court should order them brought in. See, Cunningham v. Brewer, on rehearing, 144 Neb. 218, 16 N. W. 2d 533; Midwest Laundry Equipment Corp. v. Berg, 174 Neb. 747, 119 N. W. 2d 509.

In an equity case, the court is authorized on its own motion to make a necessary party a defendant. Toop v. Palmer, 108 Neb. 850, 189 N. W. 394.

When it appears that all indispensable parties to a proper and complete determination of an equity cause were not before the district court, the Supreme Court will remand the cause for the purpose of having such parties brought in even though no proper objection was made by any party litigant. Burke Lumber & Coal Co. v. Anderson, 162 Neb. 551, 76 N. W. 2d 630.

For the reasons stated, the judgment is set aside as to both causes of action and the cause remanded to the district court for new trial and for the purpose of making Alex Kaufman and Clara Kaufman parties defendant. Costs assessed equally to appellant and appellees.

JUDGMENT SET ASIDE AND CAUSE
REMANDED FOR NEW TRIAL.