750 N.W.2d 350 (2008)
275 Neb. 891
Mark Steven PESTAL and Kimberly Ann Pestal, appellees,
v.
John J. MALONE, Sr., and Karen Malone, appellants, and
all persons whether natural or artificial, having or claiming any interest in and to: Lot 7, the Hilltop of Oak Hills Highlands, a subdivision in Douglas County, Nebraska, real names unknown, appellees.
No. S-07-216.
Supreme Court of Nebraska.
June 13, 2008.
*352 Philip J. Lee for appellants.
James B. McVay and John S. Kampfe, of Tiedeman, Lynch, Kampfe & McVay, Omaha, for appellees Mark Steven Pestal and Kimberly Ann Pestal.
HEAVICAN, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, and MILLER-LERMAN, JJ.
MILLER-LERMAN, J.

NATURE OF CASE
This equity action involves a dispute among neighbors over four parcels of property. The disputed parcels are either part of or adjacent to a common driveway serving three lots, 6, 7, and 8, in the Hilltop of Oak Hills Highlands subdivision in Douglas County, Nebraska. The owners of lot 8, Mark Steven Pestal and Kimberly Ann Pestal, appellees, brought this action in the district court for Douglas County against the owners of lot 7, John J. Malone, Sr., and Karen Malone, appellants. The owners of lot 6, Steven and Elizabeth Gleason, also affected by this action, were not made parties.
Following trial, the district court granted relief in favor of the Pestals. The court determined that the Pestals were owners in fee simple of two of the disputed parcels and that the Pestals were entitled to prescriptive easements with specified terms over the two other parcels. The district court enjoined the Malones from interfering with the Pestals' interests in the disputed parcels and dismissed with prejudice the Malones' counterclaim in which they had sought to quiet title to the disputed parcels in their name. The Malones appeal.
We conclude that because the record reflects the absence of parties who have an interest in the property that is the subject of this action and whose rights to such property may be affected by this action, the district court was without jurisdiction to resolve this controversy. Accordingly, we vacate the district court's order and dismiss the appeal.

FACTS
Lots 6, 7, and 8 border on Washington Circle in the Hilltop of Oak Hills Highlands subdivision. The owners of lots 6, 7, *353 and 8 share a common driveway. The Pestals own lot 8. The Malones own lot 7. The Gleasons own lot 6. Lot 7 is situated between lots 6 and 8. The record shows the existence of a driveway easement, which is a recorded, perpetual, nonexclusive easement, over a portion of lot 7 "to the present and future owners, occupants and invitees of Lots 6 and 8." According to its terms, the purpose of the driveway easement is to provide "vehicular and pedestrian access from Washington Circle to Lot[s] 6 and 8" as well as to lot 7. The easement is recorded with the Douglas County register of deeds.
The Pestals brought the instant action against the Malones, and, according to the caption of their amended complaint, all persons claiming an interest in lot 7, "Real Names Unknown." The Gleasons were not named as parties. The amended complaint was filed March 10, 2004. Based upon a representation to the court that the real names of persons having an interest in the disputed parcels could not be determined after diligent investigation, the Pestals were granted permission to serve the unnamed parties by publication.
The Pestals claimed title to four parcels of property, two in fee by adverse possession and two by prescriptive easement. The district court in its order filed after trial described these four disputed parcels as follows:
Parcel A, the driveway property, is an irregular shaped section of a brick and concrete drive and adjacent bricked area that exclusively serves [the Pestals'] lot but lies entirely within the legal boundaries of [appellants'] lot.... Parcel B, the roadway easement, is an asphalted area that abuts [the Pestals'] driveway and is located entirely within [appellants'] lot.... Parcel C, the landscaping property, is a long and narrow area consisting mainly of landscaping and a small section of the brick and concrete driveway. . . . Parcel D, the parking easement, is a rectangular section of the asphalted roadway that is entirely within the perpetual nonexclusive easement granted to the owners of Lot[s] 8 and 6.
The record reflects that parcels C and D lie within the driveway easement. The Pestals sought a fee simple interest in parcel C and a prescriptive easement in parcel D.
In their answer, the Malones denied the Pestals' allegations that the Pestals were entitled to title by adverse possession and to prescriptive easements over the disputed parcels. The Malones attached a copy of a recorded driveway easement to their answer. The Malones filed a counterclaim that sought to have title to the disputed parcels quieted in their names.
On November 13 and 14, 2006, the district court conducted a bench trial. A total of eight witnesses, including Steven Gleason, testified. During his testimony, Steven Gleason stated that he and his wife were the owners of lot 6. He also generally described his use of the driveway easement and the property that made up the disputed parcels. Over 50 exhibits were admitted into evidence during trial, including a copy of the drive-way easement.
On January 29, 2007, the district court entered its order. The court determined that the Pestals had met their burden of proof as to all four parcels. By virtue of the Pestals' establishing their claims of adverse possession to parcels A and C, the court awarded A and C in fee simple to the Pestals. The court also awarded prescriptive easements to the Pestals as to parcels B and D. The prescriptive easement as to parcel C was for the purposes of ingress and egress and as to parcel D was for the purpose of occasional parking. The district court entered a permanent injunction *354 prohibiting the Malones from interfering with the Pestals' property rights. Finally, the district court dismissed the Malones' counterclaim with prejudice. The Malones appeal.

ASSIGNMENTS OF ERROR
On appeal, the Malones raise seven assignments of error. Because we conclude that the district court erred in failing to require the presence of all necessary parties, we discuss only the assignment of error that claims that the district court lacked jurisdiction.

STANDARDS OF REVIEW
[1, 2] The presence of necessary parties to a suit is a jurisdictional matter that cannot be waived by the parties; it is the duty of the plaintiff to join all persons who have or claim any interest that would be affected by the judgment. Ruzicka v. Ruzicka, 262 Neb. 824, 635 N.W.2d 528 (2001). When a jurisdictional question does not involve a factual dispute, its determination is a matter of law, which requires an appellate court to reach a conclusion independent of the decision made by the lower court. See id.

ANALYSIS
On appeal, the Malones assert that the district court lacked jurisdiction because the Pestals failed to join necessary parties as required by Neb.Rev.Stat. § 25-323 (Cum.Supp.2006), which grants the district court authority to determine disputes when the proper parties are before it. Section 25-323 is entitled "Necessary parties; brought into suit; procedure." Section 25-323 provides, inter alia, as follows:
The court may determine any controversy between parties before it when it can be done without prejudice to the rights of others or by saving their rights; but when a determination of the controversy cannot be had without the presence of other parties, the court must order them to be brought in.
The Malones note that by virtue of the driveway easement, the Gleasons held perpetual easements over parcels C and D, and, in addition, the evidence shows that the Gleasons used parcels A and B. As a result, the Malones argue that the Gleasons were necessary parties in the action filed by the Pestals. Because the Gleasons were not parties to this action, the Malones claim the district court erred when it failed to order the Gleasons to be brought in. The Malones further argue that because of the absence of necessary parties, the district court lacked jurisdiction to enter the relief it granted in this case.
[3-5] The Malones admit that they did not raise the necessary party argument before the district court. As a general rule, an appellate court will not consider an issue on appeal that was not presented to or passed upon by the trial court. See Clark v. Clark, 275 Neb. 276, 746 N.W.2d 132 (2008). However, the presence of necessary parties is jurisdictional and cannot be waived by the parties. Ruzicka v. Ruzicka, supra. If necessary parties to a proceeding are absent, the district court has no jurisdiction to determine the controversy. See Langemeier v. Urwiler Oil & Fertilizer, 259 Neb. 876, 613 N.W.2d 435 (2000). We therefore address the merits of this argument.
[6] We have stated that an indispensable or necessary party is one whose interest in the subject matter of the controversy is such that the controversy cannot be finally adjudicated without affecting the necessary party's interest or which is such that not to address the interest of the necessary party would leave the controversy in such a condition that its final determination may be wholly inconsistent with *355 equity and good conscience. See In re Adoption of Kenten H., 272 Neb. 846, 725 N.W.2d 548 (2007). We have also stated that the presence of necessary parties is jurisdictional and that the absence of necessary parties deprives the district court of jurisdiction. Ruzicka v. Ruzicka, supra; Langemeier v. Urwiler Oil & Fertilizer, supra.
We have long recognized in adverse possession and easement actions the importance of naming as parties all persons or entities who have or may have an interest in the property that is the subject of the action. In Whitaker v. Gering Irr. Dist., 183 Neb. 290, 160 N.W.2d 186 (1968), we set aside the judgment and remanded the cause for a new trial when we determined on appeal that persons who had an interest in the real property that was the subject of the action had not been brought in as parties. In Whitaker, we stated that "[t]he defendant's claim of adverse possession... whether it be limited to an easement or not, certainly could not be established as against [persons who] are not parties to the action" and that "[w]hen it appears that all indispensable parties to a proper and complete determination of an equity cause were not before the district court, [an appellate court] will remand the cause for the purpose of having such parties brought in." Id. at 294-95, 160 N.W.2d at 188-89.
[7] A determination of the present controversy will necessarily prejudice the rights of all persons who have or claim to have an interest in the disputed parcels. The evidence showed that the Gleasons used parcels A and B. More significantly, the Gleasons have a recorded interest in the driveway easement, parcels C and D, and the district court awarded the Pestals title in fee simple to parcel C and a prescriptive easement to parcel D, thereby affecting the Gleasons' interests.
[8] As for parcel C, from the record available to us, it appears that the Gleasons' easement in the driveway, which is recorded and continues in favor of future owners of lot 6, is not a mere personal right and therefore is appurtenant to the land. See Spilker v. First Nat. Bank & Trust Co., 211 Neb. 540, 319 N.W.2d 429 (1982). Although parcel C was awarded to the Pestals in fee simple, the Gleasons' easement interest, as appurtenant thereto, passed with the award of title without having been expressly mentioned by the district court. See Hillary Corp. v. United States Cold Storage, 250 Neb. 397, 550 N.W.2d 889 (1996). Because the Gleasons' interest in parcel C ran with the land, see id. (quoting Broadhead v. Terpening, 611 So.2d 949, 954 (Miss. 1992), stating "`[e]asements by necessity and by implication are appurtenant to the dominant estate and run with land'"), the impact on the Gleasons' interest in parcel C by virtue of the district court's award to the Pestals of parcel C was de minimis. However, as to parcel D, in which the Gleasons had a recorded prescriptive easement for the purpose of access to their lot 6, the district court's award of a prescriptive easement to parcel D to the Pestals for their parking purposes had an adverse effect on the Gleasons' ability to exercise their easement right of access. Thus, the Gleasons' interests are affected by the controversy and the Gleasons were necessary parties to this action. The district court erred in not sua sponte requiring that the Gleasons be made parties. See Ruzicka v. Ruzicka, 262 Neb. 824, 635 N.W.2d 528 (2001).
[9] The Pestals as the successful parties do not dispute the Gleasons' status as necessary parties, at least with regard to the driveway easement, parcels C and D. The Pestals claim, however, that because they named "All Persons ... Real Names *356 Unknown" as defendants in the caption of their amended complaint and constructively served such defendants, the Gleasons had constructive notice of the litigation and were thus converted into parties. We do not agree with the Pestals' assessment of the record or the applicable law.
Contrary to the Pestals' assertion, the Gleasons were not unknown persons. Compare Neb.Rev.Stat. § 25-321 (Cum. Supp.2006) (providing that when names of persons having interest in real estate do not appear of record, plaintiff may in complaint designate such persons as "`all persons having or claiming any interest in'" such real estate, followed by words, "`real names unknown'"). The driveway easement as a public record was readily available, and, in any event, a copy of the easement was attached to the Malones' answer. Under these circumstances, the Gleasons' interest in the disputed parcels was readily apparent. The Gleasons should have been joined as named parties.
The Pestals also argue that because Steven Gleason appeared as a witness at trial, the Gleasons had actual notice of the proceedings and need not be named as parties. We reject this argument. Even ignoring the fact that Elizabeth Gleason was not a witness, it is axiomatic that being a witness does not make one a party to an action. Compare Bank of Vernal v. Uintah County et al. (Two Cases), 122 Utah 410, 250 P.2d 581 (1952) (stating generally that individual who took no part in proceedings other than as witness and who did not agree to become party to lawsuit was not party and that such individual's interest in property that was subject of lawsuit was unaffected by litigation). The Gleasons' rights cannot be properly resolved or ruled upon unless they are added as necessary parties.
For completeness, we note that the Malones claim on appeal that there exist other entities with interests in the disputed parcels whose presence is required for a final determination of the subject matter of the action. We cannot determine from the record on appeal the validity of the Malones' contention, although we note there is an indication that the subdivision homeowners' association may have easement rights over all or some of the disputed parcels.
We conclude that this controversy involving potential interests in real property cannot be properly resolved without the proper participation of all necessary parties in the suit. See Ruzicka v. Ruzicka, supra. Because the presence of necessary parties is jurisdictional, we conclude the district court lacked jurisdiction in this matter. See Langemeier v. Urwiler Oil & Fertilizer, 259 Neb. 876, 613 N.W.2d 435 (2000).

CONCLUSION
In an action involving real estate for adverse possession and prescriptive easements, it is fundamental that all persons or entities having an interest in the property that is the subject of the action be made parties to the lawsuit. In the absence of a necessary party, the district court is without jurisdiction to determine the controversy. Because a determination of the controversy would prejudice the rights of the Gleasons, who were not named as parties, we vacate the district court's order and dismiss the appeal.
VACATED AND DISMISSED.
McCORMACK, J., not participating.