Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
04/12/2019 09:07 AM CDT

- 869 -

NEBRASKA SUPREME COURT ADVANCE SHEETS
302 NEBRASKA REPORTS
GLASSON v. BOARD OF EQUAL. OF CITY OF OMAHA
Cite as 302 Neb. 869

ROBERT E. GLASSON, APPELLANT, V.
BOARD OF EQUALIZATION OF THE
CITY OF OMAHA AND THE CITY
OF OMAHA, APPELLEES.
___ N.W.2d ___

Filed April 12, 2019.    Nos. S-18-472, S-18-474.

1. **Judgments: Jurisdiction: Appeal and Error.** When a jurisdictional
   question does not involve a factual dispute, its determination is a matter
   of law, which requires an appellate court to reach a conclusion indepen-
   dent of the decision made by the lower court.

2. **Special Assessments: Municipal Corporations: Appeal and Error.**
   An appeal from a special assessment by a metropolitan-class city taken
   as specified in Neb. Rev. Stat. § 14-813 (Reissue 2012) means that
   proceedings from a district court shall be the same as an appeal from a
   county board, and under this section, that means an appeal is taken by a
   petition in error and the review is solely of the record made before the
   tribunal whose action is being reviewed.

3. **Statutes: Special Assessments: Words and Phrases: Appeal and
   Error.** As a general rule, the word "shall" in a statute is considered
   mandatory and is inconsistent with the idea of discretion. Therefore,
   based on a plain reading of the statute, unless, as contemplated by Neb.
   Rev. Stat. § 14-101 (Reissue 2012), the Legislature or a city of the
   metropolitan class alters the procedure for a claimant or appellant to
   challenge a decision regarding an assessment, the procedure shall follow
   that which is specified in Neb. Rev. Stat. § 14-813 (Reissue 2012).

4. **Statutes: Appeal and Error.** When a provision of a statute is plain and
   unambiguous on its face, an appellate court must apply the provision
   as written.

Appeals from the District Court for Douglas County: W.
RUSSELL BOWIE III, Judge. Affirmed.

- 870 -

Nebraska Supreme Court Advance Sheets
302 Nebraska Reports
GLASSON v. BOARD OF EQUAL. OF CITY OF OMAHA
Cite as 302 Neb. 869

Jason E. Troia, of Dornan, Troia, Howard, Breitkreutz & Conway, P.C., L.L.O., for appellant.

Ryan J. Wiesen, Assistant Omaha City Attorney, for appellees.

Heavican, C.J., Miller-Lerman, Cassel, Stacy, Funke, Papik, and Freudenberg, JJ.

Heavican, C.J.

## INTRODUCTION

This case involves a consolidated appeal in which Robert E. Glasson challenges the decision of the Douglas County District Court. The district court found that it lacked jurisdiction over the assessment decision made by the Board of Equalization of the City of Omaha exercising a quasi-judicial function pursuant to Neb. Rev. Stat. § 14-547 (Reissue 2012). The district court found that as a result of Glasson's failure to file an appeal bond with the city clerk within 20 days as required by Neb. Rev. Stat. § 14-813 (Reissue 2012), the court lacked jurisdiction over the appeal. We affirm.

## BACKGROUND

On December 5, 2017, the city council for the City of Omaha sat as a board of equalization pursuant to § 14-547 to hear and determine complaints, to equalize assessments, and to correct special assessments as the law authorizes. The city council, while sitting as a board of equalization zoning board of appeals, approved special ordinance No. 10224. The special ordinance approved funding for the removal of litter from various parcels of real property located within the City of Omaha, Nebraska, including one parcel owned by Glasson involving two separate assessments: (1) "Item L-20 (Dump Fee)—Case No. CI 18-51 and CI 18-1316" (No. 428773) and (2) "Item L-21 (Litter-Structure)—Case No. CI 18-52 and CI 18-1318" (No. 392788).

Glasson personally appeared before the board of equalization on December 5, 2017, to protest the proposed special

assessment to be levied on his property. The board denied Glasson's protest. Following the board's denial, Glasson filed an appeal on January 3, 2018, regarding proposed assessments Nos. 428773 and 392788, under cases Nos. CI 18-51 and CI 18-52, before the city council had enacted the ordinance regarding the assessment.

On January 23, 2018, the city council for the City of Omaha, pursuant to its authority under § 14-547, levied the special assessment, by ordinance, on Glasson's property.

In addition to the public hearing held December 5, 2017, at which Glasson was present, the Douglas County treasurer sent Glasson a letter dated February 6, 2018. The letter was entitled "Special Assessment Levy Notification" and informed Glasson that he had until March 15 to remit payment of $978.

Upon receipt of the Douglas County treasurer's "Special Assessment Levy Notification" letter, Glasson attempted to file an appeal at the Omaha city clerk's office on February 13, 2018, 21 days after the ordinance levying the property had passed. Glasson's filing was denied by the city clerk as untimely. On February 20, Glasson filed a petition in error and notice of appeal with the district court under cases Nos. CI 18-1316 and CI 18-1318.

In reviewing Glasson's appeal, the district court found that there was one assessment of $978 for a dump fee (No. 428773) and one assessment of $1,305 for litter removal (No. 392788), but that Glasson had filed four separate appeals regarding the two assessments. The court noted that assessments Nos. 428773 and 392788 were each assessed on January 23, 2018. Upon motion by the City of Omaha, the district court consolidated the four cases (cases Nos. CI 18-51, CI 18-52, CI 18-1316, and CI 18-1318) into one appeal. However, it does not appear that the court designated a specific docket number under which the cases were to continue.

The district court noted that with regard to Glasson's January 3, 2018, appeals, docketed as cases Nos. CI 18-51 and CI 18-52, those appeals were filed before the ordinance

- 872 -

Nebraska Supreme Court Advance Sheets
302 Nebraska Reports
GLASSON v. BOARD OF EQUAL. OF CITY OF OMAHA
Cite as 302 Neb. 869

assessing the levy was enacted. Because the ordinance had not been passed at the time of the January 3 filing, there was no final, appealable order upon which the court could exercise jurisdiction. The court then dismissed that portion of the consolidated action.

The court went on to note that with regard to Glasson's February 20, 2018, appeal for cases Nos. CI 18-1316 and CI 18-1318, no appeal bond had been filed with the city clerk within 20 days, as required by § 14-813. The court further noted that Neb. Rev. Stat. § 14-548 (Reissue 2012) gives a property owner, aggrieved by an assessment ordinance, the right to appeal the decision to the district court, and indicated that § 14-547 equates an ordinance to a final order. However, the district court stated that in order to pursue that remedy, the aggrieved party must file an appeal bond with the city clerk within 20 days of the date of the contested order. Because Glasson had failed to comply with § 14-813 by not filing an appeal bond with the city clerk within 20 days, the district court dismissed that portion of the action, ultimately dismissing Glasson's now consolidated appeal for lack of jurisdiction. Glasson appealed the consolidated cases to the Nebraska Court of Appeals under two separate cases, which we moved to our docket on our own motion,[1] and have consolidated.

## ASSIGNMENT OF ERROR

Glasson's sole assignment of error is that the district court erred in granting the City's motion to dismiss.

## STANDARD OF REVIEW

[1] When a jurisdictional question does not involve a factual dispute, its determination is a matter of law, which requires an appellate court to reach a conclusion independent of the decision made by the lower court.[2]

---

[1] See Neb. Rev. Stat. § 24-1106(3) (Cum. Supp. 2018).

[2] *Pestal v. Malone*, 275 Neb. 891, 750 N.W.2d 350 (2008).

[2] An appeal from a special assessment by a metropolitan-class city taken as specified in § 14-813 means that proceedings from a district court shall be the same as an appeal from a county board, and under this section, that means an appeal is taken by a petition in error and the review is solely of the record made before the tribunal whose action is being reviewed.[3]

## ANALYSIS

The thrust of Glasson's argument is threefold. First, Glasson argues that § 14-813 does not require an appeal bond to be filed within 20 days of a final order. Next, Glasson contends that no bond is required on the basis that an indigent party need not file a bond. Lastly, Glasson argues that he was not given notice of the final judgment until day 14 of the 20 days in which he had the opportunity to file a bond.

*Requirements for Filing*
*Under § 14-813.*

Glasson contends that § 14-813 contains permissive language that removes the requirement of filing within 20 days. The language of § 14-813 provides in relevant part:

> Whenever the right of appeal is conferred by this act, the procedure, unless otherwise provided, shall be substantially as follows: The claimant or appellant shall, within twenty days after the date of the order complained of, execute a bond to such city with sufficient surety to be approved by the clerk, conditioned for the faithful prosecution of such appeal, and the payment of all costs adjudged against the appellant. Such bond shall be filed in the office of the city clerk.

Glasson directs our attention to the opening proviso of § 14-813, which states that "[w]henever the right of appeal is conferred by this act, the procedure, *unless otherwise provided*, shall be

---

[3] See *Jackson v. Board of Equal. of City of Omaha*, 10 Neb. App. 330, 630 N.W.2d 680 (2001).

substantially as follows . . . .” Glasson argues that if language providing otherwise is absent, then the procedure identified in § 14-813 need only be substantially followed. Accordingly, Glasson proposes that under the Omaha Municipal Code,[4] there is no requirement that a filing be made with the city clerk within 20 days.

Glasson contends that the Omaha City Council altered the filing procedure set forth in § 14-813 when it enacted Omaha Mun. Code § 26-121. Glasson argues that the city council altered the process by omitting the 20-day filing requirement set forth in § 14-813. Section 26-121 of the Omaha Municipal Code provides in part:

> Any person who has filed a written complaint before the board of equalization shall have the right to appeal to the district court of the county within which such city is located, by filing a good and sufficient bond in the sum of not less than $50.00 and not more than double the amount of the assessment complained of, conditioned for the faithful prosecution of such appeal, and, if the judgment of special assessment is sustained, to pay the amount of such judgment, interest and cost. Such bond shall be approved and appeal taken as specified in R.R.S. 1943, § 14-813, as amended.

Glasson fails to account for the fact that the language of the municipal code specifically states that “[s]uch bond shall be approved and appeal taken as specified in . . . § 14-813 . . . .”[5] This language requires that appellants adhere to the procedure outlined in § 14-813.

[3] Under our jurisprudence, as a general rule, the word “shall” in a statute is considered mandatory and is inconsistent with the idea of discretion.[6] Therefore, based on a plain reading of the statute, unless, as contemplated by Neb. Rev. Stat.

---

[4] Omaha Mun. Code, ch. 26, art. II, § 26-121 (1980).

[5] *Id.*

[6] *State v. Irish*, 298 Neb. 61, 65, 902 N.W.2d 669, 672 (2017).

- 875 -

Nebraska Supreme Court Advance Sheets
302 Nebraska Reports
GLASSON v. BOARD OF EQUAL. OF CITY OF OMAHA
Cite as 302 Neb. 869

§ 14-101 (Cum. Supp. 2018) the Legislature or a city of the metropolitan class alters the procedure for a claimant or appellant to challenge a decision regarding an assessment, the procedure shall follow that which is specified in § 14-813.

Under the plain language of § 14-813, an appellant has 20 days from the date of the final order to "execute a bond to such city with sufficient surety to be approved by the clerk." According to § 14-547, the passage of "[t]he ordinance levying a special assessment shall be final and binding as the final order or judgment of a court of general jurisdiction." Therefore, the date of the final order in this case was January 23, 2018, the date the city council approved the ordinance.

Here, Glasson attempted to execute a bond with the city clerk on February 13, 2018, 21 days after the ordinance operating as a final order had passed. This court addressed a similar fact pattern in *Black v. State*,[7] in which we stated, "'[T]he filing of an approved bond is a jurisdictional requirement. Its filing is a condition precedent to the initiation of the appellate process.'"

In *Black*, the appellant, William Black, appealed an order of the director of the Department of Motor Vehicles regarding an implied consent proceeding which resulted in revocation of his driver's license for 1 year. According to the statute in *Black*, the applicant, licensee, or appellant was required to execute a bond within 20 days from the date of the final order complained of, with costs to the State of Nebraska in the sum of $200 with sufficient surety to be approved by the auditor of public accounts.

Black's attorney sent a check, drawn on the trust account of the attorney's firm, to the director of the department. The department then notified Black's attorney that it could not accept a cash bond and that a surety bond had to be filed within 20 days after the license revocation date. Black then executed a surety bond to the department; however, we noted that the

---

[7] *Black v. State*, 218 Neb. 572, 575, 358 N.W.2d 181, 183 (1984).

- 876 -

Nebraska Supreme Court Advance Sheets
302 Nebraska Reports
GLASSON v. BOARD OF EQUAL. OF CITY OF OMAHA
Cite as 302 Neb. 869

bond was not received until 21 days after the revocation. As a result of Black's failure to file within the prescribed manner and time limits, we found that the district court properly dismissed his petition for lack of subject matter jurisdiction.

[4] When a provision of a statute is plain and unambiguous on its face, this court must apply the provision as written.[8] Here, § 14-813, even when read together with Omaha Mun. Code § 26-121, is plain and unambiguous on its face. Glasson was required to execute a bond to the City of Omaha, with sufficient surety to be approved by the clerk, within 20 days after the date of the order complained of. Glasson, like Black, failed to file within the allotted time.

*Indigent Status and Filing
Requirements.*

Glasson next argues, for the first time on appeal, that no bond is required on the basis that an indigent party need not file a bond. The record does not demonstrate that Glasson even attempted to follow the procedure for the waiver of the bond based on indigent status, nor does Glasson argue here that he qualifies for such status. Therefore, we need not address this argument.

*Notice.*

Glasson also argues that the City of Omaha did not provide him with adequate notice of its ultimate decision concerning the assessments. Glasson contends that the city council passed the ordinance for the special assessments on January 23, 2018, at which point it became a final, appealable order, but that he was not given notice of the decision until on or about February 8, when he received notice from the Douglas County treasurer dated February 6, 2018. Glasson asserts that the government's failure to provide notice of the decision deprived him of the 20-day period in which to file, but

---

[8] See *State v. Havorka*, 218 Neb. 367, 355 N.W.2d 343 (1984).

- 877 -

Nebraska Supreme Court Advance Sheets
302 Nebraska Reports
GLASSON v. BOARD OF EQUAL. OF CITY OF OMAHA
Cite as 302 Neb. 869

specified in his briefs the basis of his arguments regarding notice. During oral argument of this case, Glasson raised for the first time his contention that his statutory right to notice by mail, as provided in the Omaha Municipal Code,[9] was violated in this case.

The record refutes Glasson's claim that he lacked notice of the City of Omaha's intended action. As the district court noted in its order dismissing Glasson's consolidated appeal, Glasson filed his first appeal on January 3, 2018, following the board of equalization's December 5, 2017, decision denying his protest to the proposed assessments. Moreover, Glasson was present at the December meeting and was given an opportunity to protest the special assessments. Additionally, there is no indication in the briefs or in the record that public notice of the Omaha City Council's January 23 meeting was not given according to statute.[10] The record demonstrates that Glasson was provided notice of the assessments by the Douglas County treasurer's office prior to the expiration of the 20 days.

As for Glasson's contention that he did not receive notice by mail, we observe that this issue was not raised below. As such, the issue is not appropriately before this court and we need not address it further.

Glasson's assignment of error is without merit.

CONCLUSION

The statutory scheme requires that an appellant execute a bond with the city clerk within 20 days of the final order, which Glasson did not do. The decision of the district court dismissing Glasson's consolidated appeal for lack of jurisdiction is affirmed.

Affirmed.

---

[9] See Omaha Mun. Code, ch. 26, art. II, § 26-123 (1980).

[10] See § 14-547.