Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
01/19/2021 09:07 AM CST

Myron Morse and Lori Morse, appellees,
v. Kaylee Olmer, appellant.

___ N.W.2d ___

Filed January 12, 2021.    No. A-19-1090.

1. **Visitation: Appeal and Error.** Determinations concerning grandparent visitation are initially entrusted to the discretion of the trial judge, whose determinations, on appeal, will be reviewed de novo on the record and affirmed in the absence of an abuse of the trial judge's discretion.

2. **Judges: Words and Phrases.** A judicial abuse of discretion exists when a judge, within the effective limits of authorized judicial power, elects to act or refrain from action, but the selected option results in a decision which is untenable and unfairly deprives a litigant of a substantial right or a just result in matters submitted for disposition through a judicial system.

3. **Parties: Jurisdiction: Waiver.** The presence of indispensable or necessary parties to a suit is a jurisdictional matter that cannot be waived by the parties; it is the duty of the plaintiff to join all persons who have or claim any interest that would be affected by the judgment.

4. **Jurisdiction: Appeal and Error.** It is the power and duty of an appellate court to determine whether it has jurisdiction over the matter before it, irrespective of whether the issue is raised by the parties.

5. **Jurisdiction: Parties: Waiver.** The absence of an indispensable party to a controversy deprives the court of subject matter jurisdiction to determine the controversy and cannot be waived.

6. **Jurisdiction: Appeal and Error.** When a lower court lacks the power, that is, the subject matter jurisdiction, to adjudicate the merits of a claim, issue, or question, an appellate court also lacks the power to determine the merits of the claim, issue, or question presented to the lower court.

7. **Parties: Equity: Appeal and Error.** When it appears that all indispensable parties to a proper and complete determination of an equity

cause were not before the court, an appellate court will remand the cause for the purpose of having such parties brought in.

8. **Visitation: Parties.** A noncustodial parent is an indispensable party to an action regarding grandparent visitation.

9. **Constitutional Law: Due Process: Parent and Child.** The relationship between parent and child is constitutionally protected, and proceedings which impact that relationship must afford both parents due process of law.

Appeal from the District Court for Platte County: Robert R. Steinke, Judge. Reversed and remanded for further proceedings.

Jack W. Lafleur, of Moyer, Moyer & Lafleur, for appellant.

Erik C. Klutman, of Sipple, Hansen, Emerson, Schumacher, Klutman & Valorz, for appellees.

Bishop, Arterburn, and Welch, Judges.

Arterburn, Judge.

## INTRODUCTION

Kaylee Olmer appeals from an order of the district court for Platte County granting Myron Morse and Lori Morse grandparent visitation with Kaylee's daughter, Lily Olmer. Because Lily's father, Aaron Morse, was an indispensable party to the action and was not joined in the proceedings, we find that the district court lacked jurisdiction to address grandparent visitation rights. Thus, we must reverse the district court's order granting the Morses visitation with Lily.

## BACKGROUND

Kaylee and Aaron are the biological parents of Lily, born in August 2017. The Morses are Aaron's parents and Lily's paternal grandparents. Kaylee and Aaron have never been married. In fact, they were both approximately 15 years old at the time of Lily's birth in 2017 and were both 17 years old by the time of the proceedings. Kaylee has physical and legal custody of Lily. At the time of the proceedings, Aaron was being held

at a youth rehabilitation and treatment center as a result of his multiple law violations.

When Lily was born in August 2017, Kaylee and Aaron were still in a relationship. Lori was present in the delivery room when Lily was born, and Myron was nearby in the hospital. They were present at Lily's baptism, and Lori even assisted with the preparations for this event. The Morses were permitted to visit Lily whenever they wished at Kaylee's parent's home, and on a few occasions, Lily visited the Morses at their home.

Kaylee and Aaron's relationship ended in July 2018. From August 2018, when Lily turned 1 year old, through December 2018, the Morses saw Lily one time per month when Kaylee's parents brought Lily to a local restaurant for a visit. In December 2018, a temporary order was entered in a paternity proceeding initiated by Aaron. The temporary order provided Aaron with parenting time with Lily every other weekend, excluding overnights. The Morses were required to supervise these visits. The every other weekend visits between Lily, Aaron, and the Morses continued through March 2019, when Aaron's visitation was suspended due to his detention associated with pending juvenile proceedings.

In April 2019, the Morses filed a complaint for grandparent visitation, naming Kaylee as the sole defendant. In the complaint, the Morses alleged that Kaylee is Lily's custodial parent, Aaron is her noncustodial parent, and they are her paternal grandparents. The Morses also alleged that their differences with Kaylee are "irreconcilable" as they "have contacted [Kaylee] on numerous occasions and requested visitation with their grandchild. Currently at this time no visitation schedule has been made, and if visitations occur they are at the total discretion of [Kaylee]." They requested that the district court award them reasonable visitation with Lily. Kaylee entered a voluntary appearance acknowledging her receipt of the Morses' complaint, and she later filed an answer. However, there is nothing in our record which indicates that Aaron

was ever served or otherwise received a copy of the complaint. In addition, there is no indication that he was provided notice of the trial date.

A trial was held on the Morses' complaint for grandparent visitation on October 17, 2019. Aaron did not appear for the trial either in person or by counsel. At the trial, Lori, Myron, and Kaylee testified. After hearing their testimonies, the district court granted the Morses' request for reasonable visitation with Lily. The court stated:

> Having heard and considered all the evidence offered during the trial in this case, the Court is going to find by clear and convincing evidence that the [Morses] have met their burden of proof. Specifically, that they have met, again by clear and convincing evidence, that there is and has been a significant beneficial relationship between them and the child, Lily. That it's in the best interests of Lily that such relationship continue and that such visitation as will be ordered by the Court will not, in the Court's view, adversely interfere with the parent-child relationship.

The court awarded the Morses visitation with Lily on the third Saturday and Sunday of each month from 9 a.m. to 6 p.m. and on the first Tuesday of each month from 4 to 7 p.m. The court explicitly ordered that any grandparent visitation exercised by the Morses could not include Aaron.

Kaylee has appealed from the district court's order.

## ASSIGNMENTS OF ERROR

On appeal, Kaylee asserts that the district court erred in granting the Morses' request for grandparent visitation with Lily. Specifically, Kaylee argues that the district court erred in (1) finding that the Morses have a significant beneficial relationship with Lily, (2) finding that it was in the best interests of Lily to have court-ordered visitation with the Morses, (3) finding that the Morses' visitation with Lily will not adversely interfere with the parent-child relationship, (4) failing to

give "special weight" to Kaylee's decisionmaking authority, and (5) failing to adequately consider Aaron's role in the proceedings.

## STANDARD OF REVIEW

[1,2] Determinations concerning grandparent visitation are initially entrusted to the discretion of the trial judge, whose determinations, on appeal, will be reviewed de novo on the record and affirmed in the absence of an abuse of the trial judge's discretion. *Gatzemeyer v. Knihal*, 25 Neb. App. 897, 915 N.W.2d 630 (2018). A judicial abuse of discretion exists when a judge, within the effective limits of authorized judicial power, elects to act or refrain from action, but the selected option results in a decision which is untenable and unfairly deprives a litigant of a substantial right or a just result in matters submitted for disposition through a judicial system. *Id*.

[3] The presence of indispensable or necessary parties to a suit is a jurisdictional matter that cannot be waived by the parties; it is the duty of the plaintiff to join all persons who have or claim any interest that would be affected by the judgment. See *Pestal v. Malone*, 275 Neb. 891, 750 N.W.2d 350 (2008).

## ANALYSIS

[4] Before reaching Kaylee's assignments of error, this court must first determine whether it has jurisdiction. It is the power and duty of an appellate court to determine whether it has jurisdiction over the matter before it, irrespective of whether the issue is raised by the parties. *J.S. v. Grand Island Public Schools*, 297 Neb. 347, 899 N.W.2d 893 (2017).

At trial, and on appeal, the parties do not explicitly address whether the district court had jurisdiction to consider the Morses' action. In Kaylee's brief on appeal, she does argue that the district court abused its discretion by failing to take Aaron into consideration when awarding the Morses grandparent visitation. As a part of her argument, Kaylee asserts that the Morses failed to serve Aaron with a copy of their complaint pursuant to Neb. Rev. Stat. § 43-1803(2) (Reissue

2016), which requires a petition seeking grandparent visitation to "be served upon the parent or parents or other party having custody of the child and upon any parent not having custody of such child." However, in her brief, Kaylee does not go so far as to argue that the Morses' failure to serve Aaron with a copy of the complaint constituted a jurisdictional defect. Upon our review, we conclude that the failure of the Morses to add Aaron as a party to the proceedings deprived the district court of jurisdiction.

Neb. Rev. Stat. § 25-323 (Reissue 2016) is entitled "Necessary parties; brought into suit; procedure." Section 25-323 provides in part:

> The court may determine any controversy between parties before it when it can be done without prejudice to the rights of others or by saving their rights; but when a determination of the controversy cannot be had without the presence of other parties, the court must order them to be brought in.

The language of § 25-323 tracks the traditional distinction between necessary and indispensable parties. *Midwest Renewable Energy v. American Engr. Testing*, 296 Neb. 73, 894 N.W.2d 221 (2017). This court, in *In re Trust Created by Augustin*, 27 Neb. App. 593, 620-21, 935 N.W.2d 493, 515 (2019), reviewed the distinction, explaining:

> """'Necessary parties[ ]' [are parties] who have an interest in the controversy, and should ordinarily be joined unless their interests are separable so that the court can, without injustice, proceed in their absence[.] 'Indispensable parties[ ]' [are parties] whose interest is such that a final decree cannot be entered without affecting them, or that termination of controversy in their absence would be inconsistent with equity."
>
> "'. . . The inclusion of a necessary party is within the trial court's discretion. . . . However, there is no discretion as to the inclusion of an indispensable party.'"
> [*Midwest Renewable Energy v. American Engr. Testing*,

296 Neb.] at 90, 894 N.W.2d at 236. Therefore, the first clause of § 25-323 makes the inclusion of necessary parties discretionary when a controversy of interest to them is severable from their rights. See *Midwest Renewable Energy v. American Engr. Testing, supra*. "The second clause, however, mandates the district court order indispensable parties be brought into the controversy." *Id.* at 90, 894 N.W.2d at 236. All persons interested in the contract or property involved in an action are necessary parties, whereas all persons whose interests therein may be affected by a decree in equity are indispensable parties. See *Midwest Renewable Energy v. American Engr. Testing, supra*.

[5-7] The absence of an indispensable party to a controversy deprives the court of subject matter jurisdiction to determine the controversy and cannot be waived. *In re Trust Created by Augustin, supra*. When a lower court lacks the power, that is, the subject matter jurisdiction, to adjudicate the merits of a claim, issue, or question, an appellate court also lacks the power to determine the merits of the claim, issue, or question presented to the lower court. *Id.* When it appears that all indispensable parties to a proper and complete determination of an equity cause were not before the court, an appellate court will remand the cause for the purpose of having such parties brought in. *Id.*

[8] The question presented by this appeal is whether a noncustodial parent is an indispensable party to an action regarding grandparent visitation. We conclude that a noncustodial parent is such an indispensable party.

[9] The relationship between parent and child is constitutionally protected, and proceedings which impact that relationship must afford both parents due process of law. See *Quilloin v. Walcott*, 434 U.S. 246, 98 S. Ct. 549, 54 L. Ed. 2d 511 (1978). In *Beal v. Endsley*, 3 Neb. App. 589, 529 N.W.2d 125 (1995), this court discussed whether a noncustodial parent must be made a party to grandparent visitation proceedings in

the context of both parents' right to due process. In that case, the grandparents filed an action requesting grandparent visitation after the divorce of their grandchildren's parents. In the complaint, the grandparents named only the children's custodial parent as a party to the action. This court "correct[ed] the caption in [the] matter to properly reflect that [the noncustodial parent] is a party to these proceedings." *Id*. at 592, 529 N.W.2d at 127. We explained:

> Although § 43-1803, the statute addressing the contents of a petition seeking grandparent visitation rights, does not specify who the proper parties defendant are, that section does require that the name of the custodial, as well as the noncustodial, parent of the child is to be set forth, and subsection (2) of that statute requires that a copy of the petition is to be served upon both.

*Id*. at 592, 529 N.W.2d at 128. We ultimately held, "In a petition filed pursuant to § 43-1801 et seq., in that circumstance where the grandchild's parents are divorced, both parents should be made parties to the proceedings." *Beal v. Endsley*, 3 Neb. App. at 592, 529 N.W.2d at 128. However, we did not explicitly decide whether a noncustodial parent is an indispensable party to a grandparent visitation proceeding, because in *Beal*, the noncustodial parent had filed a voluntary appearance despite not being named as a party to the action.

This court has also previously addressed whether a parent must be given an opportunity to participate in proceedings regarding grandparent visitation. In *In re Interest of Zachary W. & Alyssa W.*, 3 Neb. App. 274, 526 N.W.2d 233 (1994), we held that the juvenile court erred in granting grandparent visitation without giving the children's mother any opportunity for a hearing on the issue. We stated, "The proposition that a person's constitutionally protected right cannot be interfered with without an opportunity to be heard is well founded in the Due Process Clause in the Constitution." *In re Interest of Zachary W. & Alyssa W.*, 3 Neb. App. at 280, 526 N.W.2d at

238. We reversed the juvenile court's order granting grandparent visitation, but noted that the issue could be revisited after a second application, notice to the parents, and an evidentiary hearing. *Id*.

In this case, Aaron, who is Lily's biological father, was not named as a party in the Morses' grandparent visitation action. In fact, as Kaylee argues in her brief, there is no indication that Aaron was served or otherwise received any notice of the action as required by § 43-1803(2). Aaron did not appear or participate in the trial. And, while our record indicates that Aaron's visitation with Lily had been temporarily suspended in a separate case due to his law violations, there is no indication that Aaron's parental rights had been terminated or that they were in jeopardy. His inability to participate at any stage of the proceedings related to grandparent visitation was a clear violation of his due process rights relative to his constitutionally protected relationship with Lily. Court-ordered grandparent visitation will have an impact on Aaron's relationship with Lily, and he was entitled to have notice and be heard on this issue.

In particular, we note that despite Aaron's absence at the proceedings, the district court ordered that the Morses' time with Lily could not include Aaron. This order would necessarily impact any potential future parenting time that Aaron could be awarded. While we recognize that Aaron's parenting time had been suspended pursuant to an order in a separate paternity case (a proceeding in which we presume he had notice), that suspension cannot be considered cause for eliminating him from the present case.

In short, Aaron was entitled to be served and participate in the present proceeding by virtue of both § 43-1803(2) and his constitutionally protected parental rights. We conclude that Aaron was an indispensable party to the Morses' grandparent visitation action. Because he was not joined as a party, the district court lacked jurisdiction to consider the Morses' complaint.

## CONCLUSION

The district court lacked jurisdiction over this case because Aaron was an indispensable party and was not included in the proceedings. As a result, the district court's order granting grandparent visitation to the Morses is reversed and the cause is remanded to that court with directions to add Aaron to the case as an indispensable party.

Reversed and remanded for further proceedings.