Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
09/09/2022 08:06 AM CDT

Katherine Williams, appellant, v.
Katelyn Williams, appellee.

___ N.W.2d ___

Filed June 17, 2022.    No. S-21-180.

1. **Statutes: Appeal and Error.** Statutory interpretation presents a question of law which an appellate court reviews independently of the lower court.
2. **Jurisdiction: Visitation: Parties.** A parent is an indispensable party to an action for grandparent visitation, and if a parent is not included in the proceedings, a court lacks subject matter jurisdiction to enter an order granting grandparent visitation.
3. **Parties.** When an indispensable party is absent, the court has a duty under Neb. Rev. Stat. § 25-323 (Reissue 2016) to require that the indispensable party be brought into the action.
4. **Actions: Jurisdiction.** The lack of subject matter jurisdiction can be raised at any time by any party or by the court sua sponte.

Petition for further review from the Court of Appeals, Arterburn, Moore, and Bishop, Judges, on appeal thereto from the District Court for Lancaster County, Lori A. Maret, Judge. Judgment of Court of Appeals reversed and remanded with directions.

Steffanie J. Garner Kotik, of Kotik & McClure Law, for appellant.

Katelyn Williams, pro se.

Heavican, C.J., Miller-Lerman, Cassel, Stacy, Funke, Papik, and Freudenberg, JJ.

Miller-Lerman, J.

## NATURE OF CASE

Katherine Williams appealed to the Nebraska Court of Appeals from the order of the district court for Lancaster County which dismissed her amended complaint for grandparent visitation. After it determined that it lacked jurisdiction because the minor child's father had not been given notice of the proceedings, the district court dismissed the complaint without prejudice and denied Katherine's motion to alter or amend or for new trial. The Court of Appeals agreed that the district court lacked jurisdiction, and it determined that it consequently lacked jurisdiction of this appeal. For that reason, the Court of Appeals summarily dismissed the appeal.

We granted Katherine's petition for further review of the Court of Appeals' summary dismissal. Katherine claims that the Court of Appeals erred when it failed to reverse the district court's dismissal. Katherine contends that the father was an indispensable party and that the district court erred when it failed to give the father an opportunity to participate in the proceedings before it dismissed the case. We agree, and as a consequence, the Court of Appeals erred when it dismissed the appeal rather than reversing the district court's dismissal and remanding the cause with directions. We reverse the Court of Appeals' summary dismissal of the appeal, and we remand the cause with directions to the Court of Appeals to reverse the district court's dismissal and to remand the cause to the district court for further proceedings in accordance with this opinion.

## STATEMENT OF FACTS

The appellant, Katherine, unsuccessfully sought grandparent visitation with the minor child. Katherine is the mother of Katelyn Williams. Katelyn is the mother of the minor child, born in January 2017. Ted Henderson, Jr. (Ted), was adjudicated to be the biological father of the minor child. During the first 2 years of the minor child's life, Katelyn and the

minor child sometimes lived with Katherine and her husband and, at other times, they lived on their own or with Ted. Katelyn and the minor child lived with Katherine for over a year, beginning in October 2018. In late December 2019, Katelyn and the minor child moved out of Katherine's house.

On February 3, 2020, Katherine filed a complaint in the district court seeking grandparent visitation with the minor child. Katherine had Katelyn served with the complaint at an address in New York. Katherine filed an amended complaint in May that was served on Katelyn. Ted was not named as a party, and it does not appear that either complaint was served on him. Instead, Katherine alleged that she was "not certain of [Ted's] whereabouts" and that Ted had "had no contact with [the minor child] for an extended period of time."

Trial was held on July 29, 2020. Although she had made filings in this case, Katelyn did not appear and was not represented at the trial. Ted also did not appear. Katherine appeared and was a witness. She generally testified that from the minor child's birth in January 2017 until December 2019, she had been very involved in his life and had been his primary caretaker for significant periods of time when Katelyn could not or would not provide care. Katherine testified that Katelyn had allowed her no access to the minor child since they moved out of her house in December 2019. She testified that she was concerned that Katelyn was not providing him with adequate care and had effectively abandoned him. Additionally, Katherine suggested that he should be placed with her. At the close of evidence, Katherine's counsel argued that Katherine had shown not only that she should be awarded grandparent visitation but also that she stood in loco parentis to the minor child and should be awarded primary custody of him.

After the trial, the district court filed an order on December 8, 2020, in which it dismissed Katherine's complaint without prejudice. The court generally reasoned that it lacked jurisdiction because Ted had not been given notice and an opportunity to be heard. Although the court acknowledged that

Katherine's complaint was fashioned as a complaint for grandparent visitation, the court appeared to focus on Katherine's argument that she stood in loco parentis to the minor child and should be awarded custody of him. Although this was not an initial custody determination, see Neb. Rev. Stat. § 43-1239 (Reissue 2016), the court nevertheless concluded that it "lack[ed] jurisdiction under the [Uniform Child Custody Jurisdiction and Enforcement Act] over this child custody proceeding." The court therefore dismissed Katherine's amended complaint for grandparent visitation without prejudice. In so ruling, the court noted that there was no dispute that Ted was the adjudicated father of the minor child and that it was also clear that Ted had not been joined as a party and had not been given notice of the action.

Katherine filed a motion to alter or amend judgment and motion for new trial, and later, she filed an amended motion to alter or amend judgment and a motion for new trial or to reopen the evidence. The amended motion to alter or amend added Ted's name in the caption, and it included a certification stating that "the defendant's attorney" had been served electronically and listing Katelyn's address in New York and an address for Ted in Beatrice, Nebraska. The district court overruled Katherine's motion and amended motion.

Katherine appealed to the Court of Appeals and claimed that the district court erred when it dismissed her amended complaint for grandparent visitation and when it overruled her amended motion to alter or amend which would have added Ted as a party.

The Court of Appeals summarily dismissed the appeal on its own motion with the following minute entry:

> Appeal dismissed. See Neb. Ct. R. App. P. § 2-107(A)(2). Because the biological father was an indispensable party to the action for grandparent visitation, but was not included in the proceedings, the district court lacked subject matter jurisdiction and so does the appellate court. See, Davis v. Moats, 308 Neb. 757, 956 N.W.2d

682 (2021); *Morse v. Olmer*, 29 Neb. App. 346, 954 N.W.2d 638 (2021). While the district court could have allowed [Katherine] to amend her complaint in order to join the biological father as a party, there was no error in the court's decision to dismiss without prejudice, such that [Katherine] can refile the action.

We granted Katherine's petition for further review of the Court of Appeals' summary dismissal of this appeal.

## ASSIGNMENT OF ERROR

Katherine claims, restated, that the Court of Appeals erred when it failed to reverse the dismissal of her amended complaint and when it did not remand the cause to the district court with directions to give Ted an opportunity to participate in the proceedings.

## STANDARD OF REVIEW

[1] Statutory interpretation presents a question of law which an appellate court reviews independently of the lower court. *Porter v. Knife River, Inc.*, 310 Neb. 946, 970 N.W.2d 104 (2022).

## ANALYSIS

Katherine claims generally that the Court of Appeals erred when it failed to reverse the district court's order dismissing her amended complaint and to remand the cause to the district court with directions to give Ted an opportunity to participate in the proceedings. In particular, we agree with Katherine that her amended motion to alter or amend or motion for new trial—which should have given Ted such opportunity—should have been granted, and we reverse the Court of Appeals' dismissal accordingly.

In two recent grandparent visitation cases, *Davis v. Moats*, 308 Neb. 757, 956 N.W.2d 682 (2021), and *Morse v. Olmer*, 29 Neb. App. 346, 954 N.W.2d 638 (2021), the Court of Appeals and this court have applied the indispensable party feature of Neb. Rev. Stat. § 25-323 (Reissue 2016) and concluded

that the father with nonterminated parental rights was an indispensable party. In *Morse v. Olmer*, paternal grandparents filed a complaint for grandparent visitation against the mother of their granddaughter, but they failed to serve the complaint on their son, the granddaughter's father. After a hearing at which the father of the granddaughter did not appear, the district court awarded visitation to the grandparents. The Court of Appeals noted Neb. Rev. Stat. § 43-1803(2) (Reissue 2016), which is part of the grandparent visitation statutes and which provides that "[w]hen a petition seeking visitation is filed, a copy of the petition shall be served upon the parent or parents or other party having custody of the child and upon any parent not having custody of such child . . . ." The Court of Appeals determined that the father "was entitled to be served and participate in the present proceeding by virtue of both § 43-1803(2) and his constitutionally protected parental rights." *Morse v. Olmer*, 29 Neb. App. at 354, 954 N.W.2d at 644. The Court of Appeals further determined that the father was an indispensable party and that under § 25-323, the district court lacked jurisdiction to consider the grandparents' complaint because he had not been included in the proceedings. The Court of Appeals therefore reversed the district court's order granting grandparent visitation, and it "remanded [the cause] to [the district] court with directions to add [the father] to the case as an indispensable party." *Morse v. Olmer*, 29 Neb. App. at 355, 954 N.W.2d at 645.

Shortly after the Court of Appeals decided *Morse v. Olmer, supra*, we decided *Davis v. Moats, supra*, in which a grandmother filed a petition seeking visitation with her grandchild and named the mother, but not the father, as a defendant. After a trial, the district court granted the grandmother's request and ordered visitation. The court later found the mother to be in contempt for failing to comply with the visitation order. The mother moved to vacate and strike the contempt order and the order granting grandparent visitation on the basis that the district court lacked subject matter jurisdiction because

the father was an indispensable party and had not been joined in the action. The district court overruled the mother's motion to vacate and strike, and the mother appealed to this court.

[2] We began our analysis in *Davis v. Moats, supra*, by stating that grandparent visitation is controlled by statute, and we noted in particular § 43-1803(2), which requires that a copy of the petition for grandparent visitation be served upon, inter alia, the parent having custody and any parent not having custody. We recognized that the "relationship between parent and child is constitutionally protected, and proceedings which impact that relationship must afford both parents due process of law." *Davis v. Moats*, 308 Neb. 757, 767, 956 N.W.2d 682, 690 (2021). We noted that actions for grandparent visitation may affect parental rights. We stated as follows:

Because the biological father was an indispensable party to the action for grandparent visitation, but was not included in the proceedings, the district court lacked subject matter jurisdiction to enter an order granting grandparent visitation, and thus, that order is void and is hereby vacated. Further, because the order granting grandparent visitation is void, the order finding [the mother] in contempt of the order is also void and is hereby vacated.

*Id.* at 770, 956 N.W.2d at 691-92. We remanded the matter to the district court and stated that "the district court lacked subject matter jurisdiction to make a determination as to [the grandmother's] visitation rights without giving [the father] the opportunity to participate in the proceedings." *Id*. at 767, 956 N.W.2d at 690.

[3] Although Katherine did not cite the statutes in her complaint or amended complaint, and although at the trial, Katherine suggested that she be awarded primary custody, it is clear that the action was filed pursuant to the grandparent visitation statutes. This case therefore is similar to *Davis v. Moats, supra*, and *Morse v. Olmer*, 29 Neb. App. 346, 954 N.W.2d 638 (2021), which both involved grandparent visitation actions in which the grandparent filing the action failed

to name the father as a party or have the father served notice of the action. In this case, Katherine failed to name Ted as a party or to serve him notice of the action. As we determined in *Davis v. Moats* and the Court of Appeals determined in *Morse v. Olmer*, based on § 43-1803(2) and the constitutionally protected relationship of parent and child, a legal parent is an indispensable party in a grandparent visitation action and a court lacks subject matter jurisdiction to enter an order granting grandparent visitation if a parent is not included in the proceedings. We agree with the district court's determination that Ted was an indispensable party who had not been included in this proceeding, and in the absence of his joinder or unsuccessful efforts at joinder, the court lacked subject matter jurisdiction to enter an order granting grandparent visitation. However, once the district court realized the absence of Ted defeated jurisdiction, under § 25-323 and *Midwest Renewable Energy v. American Engr. Testing*, 296 Neb. 73, 894 N.W.2d 221 (2017), the court had a duty to require that Ted be brought into the action rather than dismiss the case.

[4] The absence of an indispensable party deprives the court of subject matter jurisdiction. The lack of subject matter jurisdiction can be raised at any time by any party or by the court sua sponte. *Omaha Expo. & Racing v. Nebraska State Racing Comm.*, 307 Neb. 172, 949 N.W.2d 183 (2020). In *Davis v. Moats, supra*, we emphasized that the father must be given an opportunity to participate in the grandparent visitation proceedings. Just such an opportunity presented itself in this case, when Katherine filed her motion to alter or amend the judgment or motion for new trial pursuant to which Ted would be joined.

Section 25-323 provides in part:

> The court may determine any controversy between parties before it when it can be done without prejudice to the rights of others or by saving their rights; but when a determination of the controversy cannot be had

without the presence of other parties, *the court must order them to be brought in.*

(Emphasis supplied.)

Ted, as a parent, was an indispensable party in this grandparent visitation action, and therefore, the requirement under § 25-323 that "the court must order [indispensable parties] to be brought in" applies in this case. In *Midwest Renewable Energy v. American Engr. Testing*, 296 Neb. at 90, 894 N.W.2d at 236, we stated that this second clause of § 25-323 "mandates the district court order indispensable parties be brought into the controversy." We also said that § 25-323 "makes it the court's duty to require an indispensable party be added to the litigation." *Midwest Renewable Energy v. American Engr. Testing*, 296 Neb. at 89, 894 N.W.2d at 235.

It would be wrong, however, to read the command of § 25-323 beyond the plain meaning of its words—"the court must order [the indispensable parties] to be brought in." Once the trial court so orders, it is up to the parties to take the steps necessary to implement the order. See, *Davis v. Moats*, 308 Neb. 757, 956 N.W.2d 682 (2021); *Midwest Renewable Energy v. American Engr. Testing, supra*. Accomplishment of amendments to pleadings, issuance and service of summonses, and the like fall on the parties and not the court. See *Dempster v. Ashton*, 125 Neb. 535, 250 N.W. 917 (1933). And, ultimately, if the party asserting the claim involving the indispensable party fails to bring the party in, dismissal remains as an appropriate disposition. See, Neb. Rev. Stat. § 25-601(3) (Reissue 2016); *Dempster v. Ashton, supra*.

In her amended motion to alter or amend, Katherine appears to have attempted to bring Ted into the action by including his name in the caption and listing his address in the certificate of service. In its minute entry summarily dismissing this appeal, the Court of Appeals stated, "While the district court could have allowed [Katherine] to amend her complaint in order to join the biological father as a party, there was no error in the court's decision to dismiss without prejudice,

such that [Katherine] can refile the action." This statement indicates that the Court of Appeal read the "must" in the second clause of § 25-323 as permissive rather than mandatory. We generally do not read the use of the terms "must" and "shall" as permissive rather than mandatory. See *Karo v. NAU Country Ins. Co.*, 297 Neb. 798, 901 N.W.2d 689 (2017). We believe the Court of Appeals erred when it read § 25-323 as permissive, and not mandatory, and consequently misapplied § 25-323.

In this case, the Court of Appeals determined that without the father, Ted, having been given an opportunity to participate, the district court lacked subject matter jurisdiction to order grandparent visitation and therefore the Court of Appeals also lacked jurisdiction. Although Katherine sought to include Ted, the Court of Appeals did not remand the cause with directions for the district court to fulfill its duty to require Ted to be brought into the action as sought by Katherine. In *Davis v. Moats, supra*, we recognized that when the lower court lacks subject matter jurisdiction to adjudicate an issue, an appellate court also lacks the power to determine the merits of that issue, and that when an appellate court is without jurisdiction to act, the appeal must be dismissed. However, we also recognized that in addition to having the power to determine whether it lacks jurisdiction over an appeal because the lower court lacked jurisdiction, the appellate court also has the power, if necessary, to remand the cause with appropriate directions. See *id*. We have specifically stated that "'[w]hen it appears that all indispensable parties to a proper and complete determination of an equity cause were not before the district court, [an appellate court] will remand the cause for the purpose of having such parties brought in.'" *Pestal v. Malone*, 275 Neb. 891, 896, 750 N.W.2d 350, 355 (2008). Albeit in the statutory grandparent visitation context, we apply this reasoning to the instant case.

In light of its duty under § 25-323, the district court should have allowed Katherine to complete her efforts as reflected

in her amended motion to alter or amend or motion for new trial to bring Ted into the action, and the Court of Appeals should have remanded the cause with directions to the district court to order her to do so.

## CONCLUSION

The district court correctly determined that the father, Ted, was an indispensable party in this grandparent visitation action, but we conclude that § 25-323 required the district court to order that Ted, as an indispensable party, be brought into the action as sought by Katherine before it dismissed the action for lack of an indispensable party. The Court of Appeals endorsed the dismissal, which was error. We therefore reverse the Court of Appeals' summary dismissal, and we remand the cause to the Court of Appeals with directions to reverse the district court's dismissal of Katherine's complaint and to remand the cause to the district court with directions to order Katherine to bring Ted into the action.

Reversed and remanded with directions.