IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**


CARTER V. CIVIL SERVICE COMMISSION


NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).


PATRICIA CARTER, APPELLANT,

V.

CIVIL SERVICE COMMISSION OF DOUGLAS
COUNTY, NEBRASKA, APPELLEE.


Filed April 11, 2023.   No. A-22-227.


Appeal from the District Court for Douglas County: JEFFREY J. LUX, Judge. Appeal dismissed.

Patricia Carter, pro se.

Thomas O. Mumgaard, for appellee.


PIRTLE, Chief Judge, and MOORE and WELCH, Judges.

MOORE, Judge.

### INTRODUCTION

The Douglas County Treasurer (Treasurer) suspended Patricia Carter from her employment with the Treasurer's office for 2 days without pay. The Douglas County Civil Service Commission (Commission) upheld the suspension, and Carter sought review by the district court for Douglas County, naming only the Commission as the opposing party. The Commission filed a motion to dismiss for failure to include Douglas County as an indispensable party, and Carter sought leave to file an amended petition in error to add Douglas County as a party. The district court dismissed Carter's petition for lack of jurisdiction, finding that Douglas County was an indispensable party and Carter's amended petition would not relate back to her original petition. Carter appeals that determination. Because the district court lacked jurisdiction over Carter's petition in error, we lack jurisdiction over her appeal. We therefore dismiss this appeal for lack of jurisdiction.


- 1 -

## STATEMENT OF FACTS

On September 9, 2021, Carter filed a petition in error in the district court, appealing the Commission's decision upholding her 2 days' suspension without pay from her job in the Treasurer's office. Carter named the Commission as the sole respondent, and she set forth details of her workplace conflict with the Treasurer, which culminated in a pre-disciplinary hearing, after which she received a notice of suspension from the Treasurer, holding her suspension in abeyance pending her decision to appeal to the Commission. Carter appealed the suspension to the Commission within 10 days of this notice pursuant to "her rights under Article 23 of the Douglas County Civil Service Commission Personnel Policy Manual," and she attached a copy of the Commission's decision upholding the suspension to her petition in error. The Commission's decision, dated July 13, indicates that a hearing was held on that date, that the Treasurer, who sits on the Commission, recused himself as he was "the defending party," and that the Commission found the evidence presented at the hearing by Douglas County (the County) and Carter sufficient to support a 2-day suspension. In her petition in error, Carter alleged that the Treasurer's 2-day suspension was excessive under the circumstances identified in her petition, and she asked the district court to reverse the Commission's decision.

On September 13, 2021, the Commission filed a motion in the district court, seeking to dismiss the petition in error for failure to include the County and/or the Treasurer as "necessary parties." The Commission alleged that Carter's failure to name all "necessary parties" deprived the court of jurisdiction to hear the petition in error.

Following a hearing on the Commission's motion, the district court ruled that the County was a "necessary party" to the petition in error "as it would be considered the 'adverse party' mentioned" in Neb. Rev. Stat. § 25-1903 (Reissue 2016). The court determined that the Commission was also a "necessary party" and that Carter could "attempt to amend" her pleadings pursuant to Neb. Rev. Stat. § 25-201.02 (Reissue 2016). The court held further ruling on the motion to dismiss in abeyance until such time as the County was made a party or the County presented arguments to the court that Carter could not amend her petition to add the County as a party.

On November 24, 2021, Carter filed a motion seeking leave to file an amended petition in error, naming the County as an additional respondent. She subsequently filed an amended motion, attaching a copy of her proposed amended petition in error, which named both the County and the Treasurer as additional respondents.

Following a hearing, the district court entered an order on March 2, 2022, denying Carter's motion for leave to file an amended petition and granting the Commission's motion to dismiss. The court reasoned that granting Carter's motion would mean that the amended petition would be filed more than 30 days after entry of the Commission's final order of July 13, 2021, and that the amended petition would need to relate back to the date of the original petition in error in order to be timely. The court reasoned further that § 25-201.02 does not allow for the relation back of an amendment that adds a new party, only applying to amendments that change the party or the name of the party against whom a claim is asserted. Accordingly, the court concluded, pursuant to Neb. Rev. Stat. § 25-323 (Reissue 2016), that it lacked jurisdiction because the County was an "indispensable party" and Carter was unable to timely amend her petition to add it as a respondent.

Carter was represented by counsel during proceedings before the Commission and the district court; she is self-represented in her appeal to this court.

## ASSIGNMENTS OF ERROR

Carter asserts, restated, that the district court erred in (1) finding that she could not amend her petition in error to add Douglas County as an indispensable party, and (2) dismissing her petition in error for lack of jurisdiction.

## STANDARD OF REVIEW

A jurisdictional question that does not involve a factual dispute is determined by an appellate court as a matter of law, which requires the appellate court to reach a conclusion independent of the lower court's decision. *Preserve the Sandhills v. Cherry County*, 313 Neb. 668, 986 N.W.2d 265 (2023).

## ANALYSIS

Before reaching the legal issues presented for review, it is the duty of an appellate court to determine whether it has jurisdiction over the matter before it. *Id.*

In addressing the jurisdictional issue presented by this appeal, we first clarify the distinction between "necessary parties" and "indispensable parties" and the effect on a trial court's jurisdiction of the failure to name an indispensable party. Section 25-323 provides that the court "may determine any controversy between parties before it when it can be done without prejudice to the rights of others or by saving their rights; but when a determination of the controversy cannot be had without the presence of other parties, the court must order them to be brought in."

The Nebraska Supreme Court has interpreted the first clause of §25-323 to apply to "necessary parties" and the second clause to apply to "indispensable parties." See *Midwest Renewable Energy v. American Engr. Testing*, 296 Neb. 73, 894 N.W.2d 221 (2017). Necessary parties are parties who have an interest in the controversy, and should ordinarily be joined unless their interests are separable so that the court can, without injustice, proceed in their absence. *Davis v. Moats*, 308 Neb. 757, 956 N.W.2d 682 (2021). The inclusion of a necessary party is within the trial court's discretion. *Id.* Indispensable parties are parties whose interest is such that a final decree cannot be entered without affecting them, or that termination of controversy in their absence would be inconsistent with equity. *Id.* There is no discretion as to the inclusion of an indispensable party. *Id.* The absence of an indispensable party to a controversy deprives the court of subject matter jurisdiction to determine the controversy and cannot be waived. *Midwest Renewable Energy v. American Engr. Testing, supra*.

In its March 2022 order granting the motion to dismiss, the district court determined that the County was an indispensable party to Carter's petition in error because it would be considered the adverse party to the dispute set forth in Carter's petition. When an indispensable party is absent, the court has a duty under Neb. Rev. Stat. § 25-323 to require that the indispensable party be brought into the action. See, *Williams v. Williams*, 311 Neb. 772, 975 N.W.2d 523 (2022); *Midwest Renewable Energy v. American Engr. Testing, supra*. However, we are still faced with the question of whether Carter's attempt to add an indispensable party was timely as it relates to a petition in error proceeding.

Neb. Rev. Stat. § 25-1901 (Reissue 2016) provides that "[a] judgment rendered or final order made by any tribunal, board, or officer exercising judicial functions and inferior in jurisdiction to the district court may be reversed, vacated, or modified by the district court." Such proceedings are to be by petition in error, filed in a court having power to make such reversal, vacation, or modification, setting forth the errors complained of. See § 25-1903. Error proceedings must be filed within 30 days after the rendition of the final judgment or order sought to be reversed, vacated, or modified. See *Landrum v. City of Omaha Planning Bd.*, 297 Neb. 165, 899 N.W.2d 598 (2017); Neb. Rev. Stat. § 25-1931 (Reissue 2016). Once the petition in error is filed, a summons is then issued and served to notify "the adverse party" that a petition in error has been filed. § 25-1903. In a proceeding in error the summons must be served upon the real party or parties in interest or the attorney of record of the defendant or defendants in error, unless the issuance or service is waived in writing by the attorney or the defendants and all necessary parties must be made parties to the proceeding. See *Clausen v. School Dist. No. 33*, 164 Neb. 78, 81 N.W.2d 822 (1957). In an error proceeding where all the real parties in interest are not made parties to the proceeding before the time for filing a petition in error expires, and objection is timely made, the right to a review is lost and the petition in error should be dismissed. *Keedy v. Reid*, 165 Neb. 519, 86 N.W.2d 370 (1957).

Carter does not disagree with the district court's conclusion that the County is an indispensable party, but she argues that the relation-back doctrine should apply to allow her to add the County as a party to her petition in error. She argues further that the claim against the County is based on the same general facts as the claim against the Commission, that the Treasurer necessarily had notice of the proceedings because he is a member of the Commission, and that allowing her to add the Treasurer and/or the County as a respondent causes no prejudice.

The district court determined that because Carter sought to amend her petition in error more than 30 days after the Commission's decision, in order for her amended petition to be timely, it would have to relate back to the date of her original petition. The court reasoned that because Carter sought to add a new party, her petition would not relate back and without the County, who was an indispensable party, being named, the court did not have jurisdiction.

With respect to the amendment of pleadings, § 25-201.02(1) provides that "[a]n amendment of a pleading that does not change the party or the name of the party against whom the claim is asserted relates back to the date of the original pleading if the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." On the other hand, § 25-201.02(2) provides:

> If the amendment changes the party or the name of the party against whom a claim is asserted, the amendment relates back to the date of the original pleading if (a) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, and (b) within the period provided for commencing an action the party against whom the claim is asserted by the amended pleading (i) received notice of the action such that the party will not be prejudiced in maintaining a defense on the merits and (ii) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

The Nebraska Supreme Court has interpreted § 25-201.02(2) to apply only to an amendment that "changes the party or the name of the party" and that refers to a substitution, rather than to an addition, of parties. See *Gibbs Cattle Co. v. Bixler*, 285 Neb. 952, 831 N.W.2d 696 (2013). See, also, *Kelly v. Saint Francis Med. Ctr.*, 295 Neb. 650, 889 N.W.2d 613 (2017).

Carter's initial motion to amend her petition was filed on November 24, 2021, more than 30 days after the Commission's decision on July 13. We agree with the district court that Carter sought the addition, rather than the substitution, of a party, and thus, under § 25-201.02(2), her amendment seeking to name the County as a party would not relate back to the date when her original petition was filed. She did not file a petition in error naming all the real parties in interest as parties to the proceeding before the time for filing her petition in error expired. The district court correctly determined that it was without jurisdiction and properly granted the Commission's motion to dismiss.

Because the district court lacked jurisdiction over Carter's petition in error, we lack jurisdiction of this appeal. When a trial court lacks jurisdiction to adjudicate the merits of a claim, issue, or question, an appellate court also lacks the power to determine the merits of the claim, issue, or question presented to the lower court. *Burries v. Schmaderer*, 30 Neb. App. 359, 968 N.W.2d 128 (2021). Accordingly, we dismiss Carter's appeal for lack of jurisdiction.

CONCLUSION

The district court correctly concluded that it lacked jurisdiction over Carter's petition in error. We likewise lack jurisdiction over her appeal and dismiss for lack of jurisdiction.

APPEAL DISMISSED.